**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 19-cr-12-NR |
| | ) | No. 20-cr-40-NR |
| JOSEPH T. GALE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**J. Nicholas Ranjan, United States District Judge**

On November 5, 2018, officers recovered from Defendant Joseph T. Gale, Jr.'s vehicle, among other things, $1,016 in cash, 8.4 grams of cocaine, 49 bricks of fentanyl, and a loaded .45 caliber pistol.

On February 21, 2020, Mr. Gale pleaded guilty to various offenses, including possession with intent to distribute fentanyl and cocaine and possession of a firearm and ammunition by a convicted felon. *See* 19-cr-12, [ECF 50]; 20-cr-40, [ECF 7]. The government and Mr. Gale entered into a plea agreement, which included a stipulated sentence by the parties under Federal Rule of Criminal Procedure 11(c)(1)(C). 19-cr-12, [ECF 49-1]; 20-cr-40, [ECF 5-1].

On June 15, 2020, the Court accepted the plea agreement and sentenced Mr. Gale. Along with other sentencing terms, the Court sentenced Mr. Gale to a term of imprisonment of 120 months. Although this sentence falls below the applicable guidelines range for Mr. Gale as a career offender, the Court finds that there are "justifiable reasons" for accepting the plea and sets them forth with specificity here.

**DISCUSSION & ANALYSIS**

All parties and the probation office agree that, technically, Mr. Gale is a career offender. Under Chapter 4 of the sentencing guidelines, a defendant is a "career offender" if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).

"Whether prior felony convictions actually constitute 'two prior felony convictions' for purposes of § 4B1.1(a) turns on whether the sentences for those felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." *United States v. Mora-Zapata*, 94 F. App'x 63, 64 (3d Cir. 2004) (cleaned up). Section 4A1.2(a)(2) provides that "multiple prior sentences" should be "treated as a single sentence" when there is "no intervening arrest" (*i.e.,* the defendant is not arrested for the first offense prior to committing the second offense) and "the sentences were imposed on the same day." § 4A1.2(a)(2).

Here, Mr. Gale is clearly a career offender, at least as the guidelines define that term. He was over the age of 18 when he committed the instant offense. The instant offense is unquestionably a controlled-substance felony. And Mr. Gale has two prior felony convictions of a controlled-substance offense—two state-court offenses for possession with the intent to distribute heroin, committed in 2008.

Yet, while Mr. Gale is a career offender under the guidelines, he's far from it in real life. Mr. Gale has never spent any time in prison, until this case. His designation as a career offender is based on what appears to be a

combination of unfortunate timing and administrative ineptitude in the state courts during his 2008 case.

That is, in June 2008, Mr. Gale was arrested twice within about one week. He was first arrested on June 11, 2008 for selling heroin to a confidential informant and undercover police officer on that day. 19-cr-12, [ECF 54 ¶ 43]; 20-cr-40, [ECF 11 ¶ 43]. He was then arrested on June 19, 2008 for heroin sales he had previously made to a confidential informant on April 25, 2008, and May 28, 2008. 19-cr-12, [ECF 54¶ 44]; 20-cr-40, [ECF 11 ¶ 44]. Therefore, there was no intervening arrest. Mr. Gale was charged, for unknown reasons, separately with possession with intent to deliver heroin in the Allegheny County Court of Common Pleas at Docket Nos. 13555-2008 and 13556-2008. Importantly, his two sentences were supposed to be consolidated and thus imposed on the same day.

While the cases were supposed to be consolidated for sentencing, an administrative error by the state trial court system (apparently, the clerk's office) resulted in two different combined change of plea and sentencing hearings, six months apart. The trial court acknowledged this error on the record, but stated, "there was a time in my life when I would ask why, but I don't care anymore." 19-cr-12, [ECF 69-1, 5:9-10]; 20-cr-40, [ECF 18-1, 5:9-10].

Thus, on June 24, 2009, the trial court sentenced Mr. Gale in Case No. 13556 (arising from the June 11, 2008 arrest) to an "intermediate punishment program" and probation. 19-cr-12, [ECF 69-1; ECF 54 ¶ 43]; 20-cr-40, [ECF 18-1; ECF 11 ¶ 43]. Then, on December 2, 2009, the trial court sentenced Mr. Gale in Case No. 13555 (arising from the June 19, 2008 arrest) to "time served." This sentencing hearing appeared to last about five minutes, and the trial judge's sentence and explanation consisted of only the following: "Time served. Do you understand your sentence?" 19-cr-12, [ECF 69-2, 5:5-6]; 20-cr-40, [ECF

18-2, 5:5-6].

As noted above, the state trial judge didn't care about the administrative error that resulted in two sentencing proceedings. Maybe understandably so—after all, the error had no effect on those state-court proceedings or on Mr. Gale's sentence. But, now eleven years later, that error has had a tremendous effect on Mr. Gale, by turning him into a career offender and thereby more than doubling his guidelines range.

Because Mr. Gale is a career offender, his sentencing guidelines range is much higher that what it would otherwise be. All parties agree that his guidelines range is 188 to 235 months of incarceration as a career offender, whereas it would have been 78 to 97 months if he were not one.

Despite acknowledging Mr. Gale's heightened guidelines range, the government and Mr. Gale agreed to a stipulated sentence of 120 months' imprisonment in a Rule 11(c)(1)(C) plea agreement. 19-cr-12, [ECF 49-1]; 20-cr-40, [ECF 5-1]. While the parties acknowledge that this is below the guidelines range, they have argued to the Court that it should accept the plea agreement.

When faced with a Rule 11(c)(1)(C) agreement, the district court "may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A). The court may not accept the agreement unless the court is satisfied that "(1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity." U.S.S.G. § 6B1.2(c).

Here, while the agreed sentence of 120 months' imprisonment is below the applicable guideline range of 188 to 235 months' imprisonment, the Court finds that it is for "justifiable reasons"—specifically, the administrative error

in the 2008 case discussed above. This error has erroneously caused Mr. Gale to be treated as a career offender, and thus serves as a justifiable reason for this Court to impose a sentence below the career-offender guidelines range in this case.

In addition to this administrative error, the Court also finds that Mr. Gale's designation as a career offender is, in large part, borne from unfortunate circumstances. The district attorney in 2008 could have easily charged him in a single criminal complaint, but didn't. His two offenses were committed just after his 18th birthday, and thus barely count under the guidelines. *See* U.S.S.G. § 4A1.2(d). His instant offense barely occurred within ten years from his 2009 sentencings, and thus, again, barely count under the guidelines. *See* § 4A1.2(e)(2).

This is not to criticize the career-offender provisions of the guidelines; the bright-line rules and definitions in Chapter 4 are helpful in imposing consistent sentences to those with significant prior criminal conduct, including drug trafficking. But, here, their literal application appears to have ensnared a defendant that has never previously spent a day in jail and doesn't have much of a criminal history of which to speak.[1]

Because "justifiable reasons" exist, the Court accepts the plea and sentences Mr. Gale to 120 months' imprisonment. The stipulated sentence is an elegant solution by the parties in compromising the two competing

[1] In addition to his 2008 state-court offenses, Mr. Gale's criminal history points include one point for the offense of "carrying a paintball gun in a vehicle"— a law enacted by the Pennsylvania General Assembly in 2002 to stop paintball vandalism. Mr. Gale paid a fine. 19-cr-12, [ECF 54 ¶ 45]; 20-cr-40, [ECF 11 ¶ 45].

guidelines ranges, in light of the odd circumstances giving rise to the application of the career-offender enhancement.[2]

SO ORDERED this 15th day of June, 2020.

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge

---

[2] To be clear, the offenses to which Mr. Gale has now pled are serious ones, and warrant a lengthy sentence of imprisonment. The parties' stipulated sentence of 120 months of imprisonment is, however, sufficient but not greater than necessary to punish Mr. Gale and fulfill all of the goals of sentencing. The entirety of this Court's sentence and this Court's explanation of that sentence, including its consideration of the factors under 18 U.S.C. § 3553, are set forth on the record of the sentencing hearing and memorialized in the judgment order.