IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>JOSEPH T. GALE,          )<br>)<br>Defendant.    )<br>) | Case Nos. 2:19-CR-12, 2:20-CR-40 |

**OPINION**

Presently before the Court is Defendant Joseph T. Gale's motion to vacate his sentence (ECF 101).[1] He argues that his conviction for violating 18 U.S.C. § 922(g)(1) is unconstitutional under the Third Circuit's decision in *United States v. Nasir*, 928 F.3d 144 (3d Cir. 2020), and that his lawyer was ineffective for failing to stay his case pending *Nasir* and was otherwise ineffective during sentencing. After carefully considering the record and the parties' arguments, the Court finds that *Nasir* is inapposite to Mr. Gale's case, and Mr. Gale's counsel was not ineffective (indeed, far from it). So, the Court will deny Mr. Gale's motion.

**BACKGROUND**

As the Court explained in its memorandum order on sentencing (ECF 82), Mr. Gale was twice arrested and charged in June 2008 with selling heroin to a confidential informant, an ungraded state felony charge with a maximum sentence of 15 years' imprisonment. ECF 54, ¶¶ 43, 44; Docket No. 20-cr-40, ECF 11, ¶¶ 43, 44. His two state-court sentencing hearings were supposed to be consolidated and the sentences imposed on the same day, but due to an administrative error by the state trial court system, they weren't. ECF 69, p. 2. As a result, Mr. Gale was sentenced

---

[1] All references to the record are to docket number 2:19-cr-12, unless otherwise stated.

twice, six months apart: once to probation and an "intermediate punishment program," and once to time served. ECF 82, pp. 3-4.

Mr. Gale appeared to be living a life free of crime until November 5, 2018, when officers recovered cash, cocaine, fentanyl, and a loaded .45 caliber pistol from his vehicle. ECF 4; ECF 54, pp. 7-8. For these offenses, Mr. Gale pled guilty to two counts of possession with intent to distribute fentanyl and cocaine in violation of 21 U.S.C. §§ 841(A)(1) and 841(b)(1)(C); and one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). ECF 50; Docket No. 20-40, ECF 7. He and the government entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, in which the parties stipulated to a binding sentence of 120 months' imprisonment. ECF 106-3.

Because of his two prior state felony convictions, Mr. Gale qualified as a career offender under the Sentencing Guidelines. U.S.S.G. § 4B1.1(a). All parties agreed that Mr. Gale's guidelines range as a career offender was 188 to 235 months' imprisonment, which was significantly higher than the parties' stipulated sentence. ECF 54, pp. 16-17; ECF 82, p. 4. Further, the parties agreed that had Mr. Gale not qualified as a career offender, his guidelines range would have been 78 to 97 months' imprisonment. ECF 68, pp. 14-15; ECF 69, pp. 1-2.

Mr. Gale pled guilty to the charges on February 21, 2020. ECF 50. At that time, the Court entered judgment finding Mr. Gale guilty of the charged offenses, but deferred on whether to accept or reject the plea agreement until sentencing. ECF 107, pp. 31:21-32:4. In preparation for (and during) sentencing, the Court reviewed the parties' positions as to why the Court should accept Mr. Gale's Rule 11(c)(1)(C) plea agreement and the stipulated sentence below the guidelines range. ECF 78; ECF 86, pp. 6:9-9:9, 14:9-18:6. On June 15, 2020, the Court ultimately accepted the plea agreement and sentenced Mr. Gale to 120 months' imprisonment as

contemplated by the agreement.[2]   ECF 83.  The Court later explained that the variance from the guidelines range was justified because the state administrative error and unfortunate timing "erroneously caused Mr. Gale to be treated as a career offender," and the stipulated sentence represented "an elegant solution by the parties in compromising the two competing guidelines ranges, in light of the odd circumstances giving rise to the application of the career-offender enhancement." ECF 82, pp. 5-6.  Mr. Gale did not appeal his conviction or sentence.  ECF 101, p. 2.

Just shy of one year later, Mr. Gale timely moved *pro se* to vacate his sentence under 28 U.S.C. § 2255.  ECF 87.  The Court provided a *Miller* Notice to Mr. Gale on July 6, 2021 (ECF 90), and Mr. Gale supplemented his original motion on April 28, 2022.  ECF 101.  The government filed its response to the supplemental motion on June 8, 2022.  ECF 106.  Mr. Gale's motion is now ready for disposition.

## STANDARD OF REVIEW

"A Section 2255 petition enables a defendant to petition the court that imposed the sentence, collaterally attacking a sentence imposed after a conviction.  Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  Relief is generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or

---

[2] The Court entered judgment against Mr. Gale and issued its memorandum order on June 15, 2020, then amended the judgment twice (on June 17, 2020, and June 29, 2020).  *See* ECF 82-85.  The judgment was amended to include technical information that had no bearing on the term of the sentence.

an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Leavy*, No. 19-160, 2022 WL 2829948, at *1 (W.D. Pa. July 20, 2022) (Schwab, J.) (cleaned up). However, a motion to vacate "is not a substitute for an appeal." *Gov't of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074 (3d Cir. 1985) (citation omitted).

In reviewing a motion to vacate under Section 2255, "[t]he court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (cleaned up). Where, as here, the petitioner files his motion *pro se*, the Court construes the pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation[.]" *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir.2000) (citation omitted). A district court "must hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief," but "may summarily dismiss a § 2255 motion where the motion, files, and records show conclusively that the movant is not entitled to relief." *United States v. Mason*, No. 07-5101, 2008 WL 938784, at *1 (E.D. Pa. Apr. 4, 2008) (cleaned up).

## **DISCUSSION & ANALYSIS**

Mr. Gale raises two bases for relief. First, he asserts that his felon-in-possession conviction must be vacated on constitutional grounds. ECF 101, pp. 5-6. Mr. Gale claims that he was never made aware of his status as a felon because he previously spent just one night in jail, never served time in a state or federal prison, and was sentenced only to "intermediate punishment." *Id.* Given his lack of knowledge, he argues, the government's case against him as to the felon-in-possession charge is constitutionally infirm under *Nasir*. *Id.* at 5.

Second, Mr. Gale makes a claim for ineffective assistance of counsel, which can be divided into two lines of argument. Mr. Gale first asserts that his attorney failed to stay proceedings pending the Third Circuit's resolution of *Nasir*, or else to challenge his indictment following that decision. ECF 101, p. 8; ECF 102, pp. 2-3. He also alleges his attorney committed several errors in failing to attack or otherwise lower the sentencing range calculated in his Presentence Investigation Report, which was based on his status as a career offender. ECF 101, p. 8; ECF 102, p. 3. Mr. Gale alleges he suffered prejudice because he was sentenced to a longer term of imprisonment than he otherwise would have been but for these errors. ECF 102, p. 4. He believes that had counsel objected or acted on any of these grounds, there is "more than a reasonable probability" that the Court would have begun its guidelines calculation at the correct range (78 to 96 months' imprisonment) in crafting the sentence. ECF 102, p. 4.

The Court has carefully reviewed the entire record, including the filings and transcripts from Mr. Gale's plea and sentencing, as well as the filings in connection to the instant motion, and concludes that neither of Mr. Gale's claims holds up on the existing record.

**I.    Mr. Gale's first ground for relief must be dismissed.**

    **A.    Mr. Gale waived his ability to make a Section 2255 claim under the terms of the plea agreement.**

Mr. Gale entered into a Rule 11(c)(1)(C) plea agreement with the government in which both parties stipulated to a binding sentence of 120 months' imprisonment— a sentence that was significantly lower than the 188 to 235 months' imprisonment calculated under the Sentencing Guidelines. As part of that agreement, Mr. Gale also waived many of his appellate and collateral-review rights, including the right to

collaterally attack his sentence under 28 U.S.C. § 2255—in other words, he waived his right to file this very motion.[3]

In deciding whether to enforce this waiver, the Court must (1) determine if it was "knowing and voluntary" and (2) decide whether enforcing it would "work a miscarriage of justice." *United States v. Williams*, No. 21-1752, 2022 WL 973737, at *1 (W.D. Pa. Mar. 31, 2022) (Schwab, J.) (citing *United States v. Mabry*, 536 F.3d 231, 244 (3d Cir. 2008)). After carefully reviewing the record, the Court will enforce Mr. Gale's waiver.

The record shows that Mr. Gale's waiver, and for that matter his guilty plea, was knowing and voluntary. At Mr. Gale's February 21, 2020, change-of-plea hearing, the Court conducted a Rule 11 colloquy to ensure Mr. Gale understood the charges against him, the terms of his plea agreement, and the rights he would forgo by entering that plea agreement, including the nature and extent of the collateral-rights waiver. ECF 107, pp. 3:9-7:18; 11:16-14:2; 18:16-19:9; 24:13-21. Mr. Gale acknowledged that he reviewed his plea agreement with his attorney and understood it, including that he was giving up his right to collaterally attack his sentence. *Id.* at 19:10-26:17. Mr. Gale stated that his decision to plead was not coerced. *Id.* at 24:22-26:8. The Court likewise found that Mr. Gale was competent to enter his plea. *Id.* at 31:16-32:2.

Mr. Gale's in-court statements are owed a presumption of truth, and so will stand in the absence of evidence of misunderstanding, duress, or misrepresentation in his entering the plea. *Blackledge v. Allison*, 431 U.S. 63, 73-75 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing,

---

[3] Mr. Gale's plea agreement contained the following language: "Joseph T. Gale further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255 challenging his conviction and sentence and the right to pursue any other collateral proceeding challenging his conviction or sentence." ECF 106-3, pp. 2-3.

as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."). Mr. Gale does not claim, or offer evidence to suggest, that his waiver was not voluntary, and so the Court takes his in-court statements acknowledging his acceptance and understanding of the waiver as true. *See id.* at 74 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Having found Mr. Gale's waiver to be knowing and voluntary, the Court considers whether enforcement will result in a miscarriage of justice. In making this assessment, "a court should consider the clarity of the [erroneous waiver], its gravity, its character, the impact of the error on the defendant, the impact of correcting the error on the government and the extent to which the defendant acquiesced in the result. A court should consider the listed factors and take a common-sense approach in determining whether a miscarriage of justice would occur if the waiver were enforced." *Williams*, 2022 WL 973737, at *2 (cleaned up).

Enforcing the waiver will not work a miscarriage of justice here. As discussed in detail below, the record contains substantial evidence to demonstrate Mr. Gale's knowledge of his status as a felon and uphold his conviction.

Given these findings, the Court will enforce Mr. Gale's waiver, and in turn concludes that it lacks jurisdiction to consider his first ground for relief. *United States v. Joseph*, No. 10-233, 2014 WL 2002280, at *1 (W.D. Pa. May 15, 2014) (Ambrose, J.) (a valid waiver "will divest the district court of jurisdiction over a collateral attack." (citations omitted)).[4]

---

[4] Notably, Mr. Gale did not waive in his plea agreement the right to raise claims of ineffective assistance of counsel as part of any Section 2255 motion. ECF 106-3, p. 3. Even construing the motion liberally, the Court does not read the first ground to make

### B. Mr. Gale's first ground for relief is also procedurally defaulted.

Mr. Gale's first ground for relief must be dismissed for the additional reason that the claim is procedurally defaulted.

"Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review." *Hodge v. United States*, 554 F.3d 372, 378-79 (3d Cir. 2009) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). Where a movant has failed to raise his claims on direct appeal, the claims are procedurally defaulted. *Id.* at 379. However, a court may excuse a procedural default if the movant is (1) actually innocent of the crime for which he was convicted (and now challenges), or (2) there is a valid cause for default and actual prejudice resulted from the default. *Id.*

Mr. Gale here did not appeal his sentence, and so his *Nasir* claim is procedurally defaulted. ECF 101, p. 2. The Court may only review the merits of the claim if Mr. Gale can show he was either actually innocent of the crime or that he had good cause for the procedural default and suffered prejudice from it. Neither applies.

#### 1. Mr. Gale has not shown that he is actually innocent.

Though Mr. Gale pled guilty to the Section 922(g) violation, he is nonetheless entitled to show he is "actually innocent" of the crime. *Bousley*, 523 U.S. at 623. Actual innocence "means factual innocence, not mere legal insufficiency." *Id.* To prove actual innocence, a movant must show that "in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002) (cleaned up).

---

an ineffective-assistance claim; in any event, Mr. Gale specifically made such a claim in his second ground for relief, which the Court will consider on the merits. *Cf. United States v. Brown*, No. 09-602-3, 2015 WL 4610897, at *5 (E.D. Pa. July 31, 2015).

The record establishes that Mr. Gale knew that he was a felon. At each of the 2009 state court sentencings, the state court advised Mr. Gale that the crimes for which he was charged were felonies with a maximum period of incarceration of 15 years. ECF 106-1, p. 4:11-13; ECF 106-2, p. 2:14-3:1. In each proceeding, the state-court judge asked Mr. Gale if he understood the charge, and Mr. Gale responded "yes" each time. ECF 106-1, p. 4:18-19; ECF 106-2, p. 3:1-3. Mr. Gale admitted to his knowledge of his status and his possession of the gun again at his change-of-plea hearing before this Court. ECF 107, pp. 30:10-19, 31:9-15. And throughout proceedings in this case, Mr. Gale never raised that he was unaware of his status as a felon when he possessed the weapon—until this motion, he has only objected to his status as a career offender based on the uncoupling of his two state-court felonies. *See, e.g.*, ECF 41; ECF 59; ECF 69.

Mr. Gale argues that he had no knowledge of his status as a felon because, for his state crimes, he spent a single night in jail upon his arrest and was never sentenced to a term of imprisonment. ECF 101, pp. 5-6. But Mr. Gale's actual sentence is of no import here—the relevant inquiry is whether he was aware of his status as a felon, and the record indisputably shows he was. *United States v. Wood*, No. 16-35, 2021 WL 1022693, at *10 (W.D. Pa. Mar. 17, 2021) (Schwab, J.) (reasonable juror could only conclude defendant knew his status as a felon notwithstanding state court's recommended sentence of "boot camp" in lieu of prison), *certificate of appealability denied*, No. 21-1836, 2021 WL 5071873 (3d Cir. Oct. 25, 2021).

Given this evidence, the Court concludes that a reasonable juror would have found, beyond a reasonable doubt, that Mr. Gale was aware of his status as a felon when he possessed the firearm at issue. *United States v. Battle*, No. 20-695, 2020 WL 4925678, at *7 (W.D. Pa. Aug. 21, 2020) (Schwab, J.).

    **2.**    **Mr. Gale has not and cannot establish cause.**

Similarly, Mr. Gale cannot demonstrate a sufficient cause to excuse his procedural default. The only argument Mr. Gale makes in his defense—one directly related to his ineffective-assistance-of-counsel claim—is that his counsel and the Court did not have the Third Circuit's holding in *Nasir* to guide it, such that his counsel "[should] have requested an extension [of his sentencing] pending the outcome" of *Nasir*. ECF 101, p. 8.

It is true that cause for procedural default exists where "the legal basis for a claim was not reasonably available to counsel." *United States v. Doe*, 810 F.3d 132, 153 (3d Cir. 2015) (cleaned up). But such cause does not exist here because *Nasir* does not stand for any legal proposition that was not already available to counsel at the time of Mr. Gale's plea and sentencing.

The Third Circuit in *Nasir* vacated the defendant's Section 922(g) conviction based on the Supreme Court's 2019 holding in *Rehaif v. United States*—that case held for the first time that in Section 922(g) cases, the government must prove not only that the defendant knew he was in possession of a gun, but also that he knew of his status as a felon. 139 S. Ct. 2191, 2200 (2019). In applying this new requirement in *Nasir*, the Third Circuit found that "literally no evidence was presented concerning Nasir's knowledge of his status as a felon," necessitating a new trial.[5] *Nasir*, 982 F. 3d at 171, 177.

Thus, *Nasir* is merely a rearticulation of the holding in *Rehaif*: that the government must present evidence of the defendant's knowledge of his status as a felon in a Section 922(g) prosecution. *Greer v. United States*, 141 S. Ct. 2090, 2095 (2021) ("[i]n felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was

---

[5] *Nasir* was later vacated by operation of the Supreme Court's decision in *Greer v. United States. United States v. Nasir*, 211 L. Ed. 2d 1, 142 S. Ct. 56 (2021).

a felon when he possessed the firearm."). As *Rehaif* was decided well before Mr. Gale entered into his Rule 11(c)(1)(C) plea agreement, the pendency of *Nasir* had no bearing on Mr. Gale's ability to raise the issue during the proceedings in this Court. For this reason, no cause exists to excuse the procedural default.

## II. Mr. Gale's second ground for relief must also be dismissed as he cannot show that his counsel's performance was deficient in any respect.

Mr. Gale's second ground for relief is one for ineffective assistance of counsel. Unlike with the first ground for relief, the Court may proceed with analysis of this second ground because Mr. Gale did not waive the right to raise an ineffective assistance of counsel challenge as part of his appeal waiver, and a claim of ineffective assistance of counsel is not procedurally defaulted at the Section 2255 stage. ECF 106-3, p. 3; *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) ("A § 2255 motion is a proper and indeed the preferred vehicle for a federal prisoner to allege ineffective assistance of counsel." (citations omitted)).

Though Mr. Gale lists several perceived errors in his counsel's performance, his grievances boil down to two categories. First, he argues his counsel failed to take more aggressive action in his case by moving to stay proceedings pending the Third Circuit's *Nasir* decision and to challenge the Section 922(g) charge after that decision. ECF 102, p. 2. Second, he asserts counsel was an ineffective advocate during his actual sentencing. *Id.* at 2-3.

But neither purported challenge survives because Mr. Gale cannot show his counsel's performance was deficient under the first prong of the test pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984).

To prove counsel's deficient performance under *Strickland*, a defendant "must show that counsel's representation fell below an objective standard of reasonableness

under prevailing professional norms. Petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *United States v. Brown*, No. 09-602-3, 2015 WL 4610897, at \*4 (E.D. Pa. July 31, 2015) (cleaned up). In making this assessment, courts must be "highly deferential" to counsel and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Nothing in the record here suggests Mr. Gale's counsel performed deficiently—in fact, the Court finds defense counsel's efforts and advocacy to be extraordinary.

Mr. Gale's deficient-performance claims related to *Nasir* fail for several reasons. To begin with, and as explained above, *Nasir* offered no proposition of law that was not already covered by *Rehaif*. Thus, to move for a stay pending the *Nasir* decision could have no possible effect on the law applicable to Mr. Gale's case, and so cannot amount to deficient performance. *Brown*, 2015 WL 4610897, at \*11 (the failure to perform futile acts "cannot be ineffective assistance of counsel" (citing *Werts v. Vaughn,* 228 F.3d 178, 206 (3d Cir. 2000))). Further, Mr. Gale's admission that he did possess the weapon at issue in this case and the government's substantial evidence demonstrating Mr. Gale's knowledge of his status as a felon satisfied all of the requirements for a Section 922(g) conviction under *Rehaif* (and *Nasir*). *See* ECF 107, pp. 27:4-9, 28:25-29:17. There was simply nothing under the law defense counsel could have done to alter that fact.

Mr. Gale's grievances concerning counsel's performance during sentencing fall short for similar reasons. Mr. Gale had two prior state felony convictions, derived from two separate informations and for which he was sentenced on two different days. ECF 101-1, ¶¶ 4-5; ECF 106-1, 4:4-5:10; ECF 106-2, 2:10-3:8. Under the Sentencing Guidelines, Mr. Gale's prior convictions are considered separate, making him

indisputably a career offender. *See* U.S.S.G. § 4A1.2(a)(2); *United States v. Pender*, 537 F. App'x 102, 105 (3d Cir. 2013) ("Pender was charged in two separate indictments and sentenced on two different days. The language of the Guidelines is unambiguous: § 4A1.2(a)(2) mandates that Pender's prior convictions be treated as separate."). Again, counsel could not have taken any possible action or made any argument to change Mr. Gale's career offender status. Considering this fact, none of Mr. Gale's assertions survives.

By contrast, Mr. Gale's counsel was faced with a situation where his client was a career offender, and was facing a guidelines range of 262-327 months in prison. Counsel negotiated a plea that reduced the base offense level by three for acceptance of responsibility, resulting in a guidelines range of 188-235 months. Counsel then negotiated a stipulated sentence of 120 months—which is about a 36% downward variance, and was able to convince this Court of justifiable reasons for such a large variance. *See* U.S.S.G. § 6B1.2(b)(2). This is excellent lawyering, not deficient.[6]

## CONCLUSION

For these reasons, the Court will **DENY** Mr. Gale's Section 2255 petition. An order consistent with this opinion will follow.

Dated: December 20, 2022

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge

---

[6] One other thing. As is evident from the Court's analysis, the record here speaks for itself, and so the Court finds that it need not hold a hearing on Mr. Gale's motion. *Mason*, 2008 WL 938784, at *1; *Nicholas*, 759 F.2d at 1075 ("where the record affirmatively indicates the claim for relief is without merit, the refusal to hold a hearing will not be deemed an abuse of discretion.").