IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:19-CR-12, 20-CR-40 |
| | ) |
| JOSEPH T. GALE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Defendant Joseph T. Gale has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582. ECF 111. He claims that his medical conditions—asthma, hypertension, and astigmatism—increase his risk of suffering severe complications if he contracts COVID-19 while in prison. ECF 111, p. 13.[1] He says that the medical risk itself and the concomitant risk from staff shortages inhibiting access to treatment amount to "extraordinary and compelling reasons" warranting early release, as reflected by Amendment 814 to the Sentencing Guidelines. *Id.* at 16; ECF 118, p. 1.

For the reasons below, the Court disagrees. Mr. Gale hasn't established "extraordinary and compelling" reasons for release as defined by Amendment 814, so the Court denies the motion.

### DISCUSSION & ANALYSIS

Four years ago, the "unprecedented" COVID-19 pandemic "paralyzed the entire world." *United States v. Somerville*, 463 F. Supp. 3d 585, 590 (W.D. Pa. 2020) (Ranjan, J.) (cleaned up). The risks associated with COVID-19 were especially prevalent in prisons given "conditions of crowding, the proportion of vulnerable people detained, and often scant medical care." *United States v. Rodriguez*, 451 F.

---

[1] All cites to the record refer to Case No. 19-cr-12.

- 1 -

Supp. 3d 392, 403 (E.D. Pa. 2020). Incarcerated defendants around the country filed motions for temporary or permanent compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), arguing that the pandemic created extraordinary and compelling reasons to warrant a reduced sentence. *Id.* at 393-94.

Neither Congress nor the Sentencing Commission defined the phrase "extraordinary and compelling reasons," however, leaving courts to figure it out for themselves. *Id.* at 396, 397 n.8. This Court determined that "extraordinary and compelling reasons" in the context of risks associated with COVID-19 required a prisoner to show "(1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held." *Somerville*, 463 F. Supp. 3d at 596-97.[2]

In April 2023, the Sentencing Commission revised the Sentencing Guidelines with several amendments that became effective on November 1, 2023. *United States v. Castillo*, No. 12-230, 2024 WL 453608, at *3 (E.D. Pa. Feb. 6, 2024). One of those changes was Amendment 814, which modified U.S.S.G. § 1B1.13 in part by defining the categories of "extraordinary and compelling reasons" justifying compassionate

---

[2] The Court used this standard when faced with Section 3582 motions based on risks associated with COVID-19, with the endorsement of the Third Circuit. *E.g.*, *United States v. Freed*, No. 11-132, 2020 WL 5604057 (W.D. Pa. Sept. 18, 2020) (Ranjan, J.), *aff'd*, 845 F. App'x 198 (3d Cir. 2021); *United States v. Everett*, No. 12-162, 2021 WL 322182, at *1 n.1 (W.D. Pa. Feb. 1, 2021) (Ranjan, J.). Other courts used this same framework. *E.g.*, *United States v. Alston*, No. 03-844, 2023 WL 2238297, at *4 (D.N.J. Feb. 27, 2023); *United States v. Blanchard*, No. 18-376, 2022 WL 5241879, at *2 (D.D.C. Oct. 6, 2022); *United States v. Martin*, No. 16-20025, 2020 WL 4515363, at *4 (D. Kan. Aug. 5, 2020).

release. For risks associated with an "outbreak of infectious disease," the Sentencing Commission explained that "extraordinary and compelling" means:

> (D) The defendant presents the following circumstances—
>
> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D) (Nov. 1, 2023).

Subsection (D) of Amendment 814 tracks the Court's prior framework in *Somerville* for resolving compassionate-release motions. It requires the Court to answer three main questions: (1) Is the defendant at a facility where there is an actual or imminent risk of an outbreak? (2) Does the defendant have medical conditions that could lead to serious complications if he is exposed to the infectious disease? (3) Is the facility unable to mitigate the medical risks? If the answer is "yes" to all three questions, then the defendant has successfully met the criteria. If the answer is "no" to any of the questions, the defendant has not met his burden.

As to Mr. Gale's motion, the answer is "no" to all three questions.

***First, is the defendant at a facility where there is an actual or imminent risk of an outbreak?*** **No**. There is no actual or imminent outbreak of COVID-19 at Mr. Gale's prison, USP Hazelton. Mr. Gale says that COVID-19 "is still very real in the BOP and prison setting" and that "[p]risoners continue to be

infected[.]" ECF 111, p. 8. But that isn't enough—he must show that COVID-19 is in fact at the facility. *See United States v. Noel*, No. 20-43, 2024 WL 69827, at *4 (W.D. Va. Jan. 5, 2024) ("The fact that COVID-19 exists and that there is a possibility that someone may contract it in a prison is insufficient, in and of itself, to grant a motion for compassionate release." (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020))).

Mr. Gale argues that COVID-19 infections "are far from over for federal prisons[,]" but hasn't offered evidence that even a single inmate at USP Hazelton has been infected with COVID-19. ECF 111, p. 10. Indeed, the BOP's records reflect that there is not an outbreak of COVID-19.[3] It is also clear that USP Hazelton is not under a public health emergency.[4]

Since Mr. Gale points only to a speculative risk of exposure to COVID-19, and not an actual outbreak or public health emergency, he hasn't satisfied this prong.

***Second, does the defendant have medical conditions that could lead to serious complications if exposed to the infectious disease?*** **No.** Mr. Gale suffers from asthma, hypertension, and astigmatism, all of which are common ailments. ECF 111, p. 13. So to meet this prong, Mr. Gale must establish that those ailments are sufficiently serious on their own such that they put him at an "increased risk of suffering severe medical complications or death as a result of exposure to COVID-19." *United States v. Stehley*, No. 16-14, 2023 WL 8014078, at *7 (W.D. Pa. Nov. 9, 2023) (Gibson, J.) (cleaned up). That's what would make the situation "extraordinary and

---

[3] Inmate COVID-19 Data, Federal Bureau of Prisons (last visited Feb. 12, 2024), https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp.

[4] Press Release, Xavier Becerra, Secretary, Department of Health and Human Services, HHS Secretary Xavier Becerra Statement on End of the COVID-19 Public Health Emergency (May 11, 2023), https://www.hhs.gov/about/news/2023/05/11/hhs-secretary-xavier-becerra-statement-on-end-of-the-covid-19-public-health-emergency.html.

compelling." *United States v. Yates*, No. 18-558, 2023 WL 5623036, at *2 (D.N.J. Aug. 31, 2023) ("[H]aving a listed condition does not automatically entitle a defendant to compassionate release; rather, the policy statement clarifies that a qualifying medical condition must substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility." (cleaned up)); *United States v. Fountain*, No. 12-155, 2023 WL 5593971, at *9 (E.D. Pa. Aug. 29, 2023) (finding no extraordinary and compelling reasons where defendant couldn't show that "she suffers from sufficiently serious medical conditions that place her at a uniquely high risk of illness or death if she were [to] contract COVID-19 again"), *aff'd*, No. 23-2675, 2024 WL 94097 (3d Cir. Jan. 8, 2024).

After careful review of Mr. Gale's medical records (ECF 116), the Court finds that there is nothing in them reflecting that his conditions are so severe that he would be unable to recover or would die if he contracts COVID-19. His records show that he receives rather ordinary treatment—*e.g.*, an inhaler when needed, common blood pressure medication—which are controlling those conditions and reduce his risks of complication. ECF 116; *see Yates*, 2023 WL 5623036, at *2 (finding no extraordinary and compelling reasons where defendant's asthma was controlled with medication).

Mr. Gale also refused to get vaccinated. ECF 116. That is his prerogative; but it also reflects that he too doesn't view the risks of complications from COVID-19 due to his medical conditions as serious. *See United States v. Pryor*, No. 22-2738, 2023 WL 1793963, at *2 (3d Cir. Feb. 7, 2023) (defendant's "refusal of the vaccine undermines his claim that extraordinary and compelling reasons justify release"); *United States v. Loveings*, No. 20-204, 2023 WL 6445895, at *1 (W.D. Pa. Oct. 3, 2023) (Ranjan, J.). Thus, the Court is not persuaded that Mr. Gale's medical conditions present an extraordinary and compelling reason to justify release.

***Third, is the facility unable to mitigate the defendant's medical risks?***
**No.** Mr. Gale's medical records indicate that he is being treated for his medical

conditions. ECF 116. There is also nothing in the record suggesting that USP Hazelton cannot isolate prisoners who contract COVID-19, such that Mr. Gale couldn't be protected from an outbreak. By contrast, in *Somerville*, where this Court granted compassionate release, the evidence showed that the facility could not quarantine effectively, which led to an investigation by the Attorney General and a class action lawsuit. *See Somerville*, 463 F. Supp. 3d at 598-99 (noting that the Attorney General "singled out FCI-Danbury as one of three BOP facilities experiencing significant levels of infection and requiring emergency action" (cleaned up)); *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 451-52, 454-55 (D. Conn. 2020) (granting temporary restraining order as to medically vulnerable class of prisoners of FCI-Danbury).

In sum, Mr. Gale cannot satisfy any of the criteria to establish extraordinary and compelling reasons for compassionate release under the Guidelines.[5]

---

[5] Mr. Gale also cites to new Subsection (C) of Amendment 814. That provision allows for early release where the "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C) (Nov. 1, 2023). As explained, nothing in the record establishes that Mr. Gale's conditions require "long term or specialized medical care." Further, Mr. Gale's medical records reflect that he is being treated, and there is no evidence to the contrary. ECF 116. He therefore cannot obtain release under Subsection (C). More generally, the Court would note that for a prisoner to invoke this section, in most cases, any motion ought to include some type of expert analysis by a medical specialist. After all, how else is the Court to determine what "long-term or specialized medical care" is required, compare it to the care being provided by the facility, and then make a determination as to the "risk of serious deterioration" based on the level of care currently being provided? No expert reports addressing these questions were submitted here.

- 7 -

## **CONCLUSION**

For these reasons, Mr. Gale's motion for compassionate release is **DENIED**.

Date: February 23, 2024                    BY THE COURT:

                                                                   /s/ *J. Nicholas Ranjan*
                                                                   United States District Judge